GARDEN, JUDGE:
Ava Elizabeth Furner Young filed this action individually and on behalf of her son, Nelson Eddie Furner, an incompetent. Mr. Furner was injured when he jumped from the roof of Ward O at respondent’s Weston State Hospital where he was a patient. The claimant contends that the respondent was negligent in failing to prevent him from gaining access to the roof of the building.
*246 Nelson Eddie Furner, 24 years oí age, was a patient at Weston State Hospital for treatment of an epileptic condition and for mental retardation. The ward on which he was located, Ward O, Unit 3, was a “closed ward,” that is all doors leading to the outside of the ward were kept locked at all times. The patients were not locked in their rooms but were free to roam in the hallways or rooms of the ward as they desired. On the evening of October 13, 1973, Mr. Furner was given his usual medication at approximately 9:00 p.m. Normally, the patients receive medication and then return to their rooms for the night, but are permitted to stay up if they desire. Bernard Davis, a Psychiatric Aide II employed by Weston State Hospital, was on duty the night of October 13, 1973. After having provided the usual medication to Mr. Furner and the other ward patients at approximately 9:00 p.m., Mr. Davis was sweeping the TV room when he heard a “fall sound” and thought that a wheelchair patient may have fallen. The telephone then rang and the supervisor told him that Nelson Furner was “laying out back.” Mr. Davis proceeded outside where he found him lying on the ground. He did not know why he was outside the building, nor did he know how he had gotten there.
Nelson Eddie Furner testified that he entered the mop room on his floor through an unlocked door, and then went up a ladder in the mop room, into the attic. Then, he used a smaller ladder to go up onto the roof of the building. Another patient, Gary George, was with him. When the two reached the roof, Nelson Eddie Furner jumped off one end of the building and Gary George jumped off the other end. Both patients were injured. Mr. Furner was taken to WVU Hospital for treatment of abrasions to his body and a broken left leg. He remained in the hospital until his release on December 24, 1973, when the claimant took him to Ohio where he now resides. Since that time, it has been necessary for him to have surgery on his right leg.
When the psychiatric aide, Bernard Davis, returned to Unit 3, he determined that the mop room door was unlocked and that a ladder had been placed against the trap door in the ceiling, which door was opened to the attic. Mr. Davis then *247 locked the mop room door and “got away from it.” According to Davis, the mop room door was kept locked at all times except during the evenings from 8:45 to 9:30 p.m. when the floors were being mopped. It was necessary at that time to obtain water from the mop room for use in washing the floors. Apparently it was at this time that the two patients, Furner and Young, gained entrance to the mop room. One ladder was in the mop room because men were making repairs to the roof during the day and were using the ladder to get to the attic and then onto the roof.
.For the respondent to be found liable for the injuries to Nelson Eddie Furner, negligence on the part of the respondent must be established. Foreseeability of injury to one to whom a duty is owed, is of the very essence of negligence. 13 M. J. Negligence §22. This Court is of the opinion that the sequence of events leading to the injury of the claimant was not forseeable.
Although the Court is sympathic to Nelson Eddie Furner, the Court is constrained to hold that, for the foregoing reasons, the claim must be denied.
Claim disallowed.